UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
O'KENE WHITE,                                        :
                                                     :
                    Petitioner,                      :        11 CV 2696 (HB)
                                                     :        08 CR 360 (HB)
         - against -                                 :
                                                     :        OPINION & ORDER
UNITED STATES OF AMERICA,                            :
                                                     :
                    Respondent.                      :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge[1]:**

On April 14, 2011, O'Kene White ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner claims that: (1) his Hobbs Act case proceeded in violation of the Tenth Amendment to the U.S. Constitution because there was insufficient evidence to support federal jurisdiction; (2) his due process rights were violated by the Government's failure to introduce matching DNA evidence at trial; (3) he was unfairly prejudiced as a result of an amendment to and variance from the Indictment at trial; (4) his conviction was based on hearsay without an opportunity for cross examination; and (5) his conviction violated his Sixth Amendment right to effective assistance of counsel at trial and on appeal. For the following reasons, this petition is DENIED.

## I.   BACKGROUND[2]

Petitioner was arrested on the night of March 6, 2008, in connection with a home-invasion robbery. Petitioner invaded the home of Rosemarie Hill and Stacy Roberts in search of money and marijuana connected to Christopher Farquharson, Roberts's longtime boyfriend. The government, in order to prove an effect on interstate commerce, called Roberts to testify at trial that Farquharson sold both "regular" and "Arizona" marijuana. DEA Agent Craig Phildius also testified that the marijuana described was not grown in New York and was usually shipped from Arizona or Mexico. Petitioner was convicted by a jury on October 21, 2008. He was found guilty

---

[1] Renée Welker, a second-year student at New York Law School and a Fall 2011 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

[2] The following facts are taken from the record at trial.

1

on four counts: (1) conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)–(b)(1); (2) attempt to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)–(b)(1); (3) attempted possession of marijuana with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846; and (4) using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence or a narcotics trafficking crime in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A)(ii)–(iii). *See United States v. Scott*, No. 08 Cr. 360(HB), 2009 WL 36548, at *1 (S.D.N.Y. Jan. 7, 2009). The Court sentenced Petitioner to an aggregate term of 156 months' imprisonment, to be followed by three years' supervised release, and a mandatory $400 special assessment. *See* J. in Cr. Case, Jan. 29, 2009. The Second Circuit affirmed Petitioner's conviction on April 14, 2010. *United States v. White*, 372 F. App'x 115 (2d Cir. 2010). Petitioner filed this motion to vacate, set aside, or correct his sentence on April 12, 2011, and filed an amendment to his petition on August 8, 2011.[3]

## II. DISCUSSION

A petition brought pursuant to § 2255 may be granted only where: "1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; or 3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 7, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); *see also* 28 U.S.C. § 2255.

### A. Petitioner's Hobbs Act, Due Process, Variance from Indictment, and Confrontation Clause Claims are Dismissed for Failure to Appeal

For claims raised in a habeas petition that could have been raised on direct appeal, the procedural default "may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "To satisfy the 'cause' requirement, the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him." *Id.* (internal quotation marks omitted). Prejudice, in turn, "consists of 'actual and substantial disadvantage, infecting [the defendant's] entire trial with error of constitutional dimensions.'" *Buczek v. Constructive Statutory Trust Depository Trust*

---

[3] Petitioner requested the Court's leave to amend his petition. Notwithstanding the fact that leave was never granted, I will consider Petitioner's expanded ineffective assistance claims along with the issues originally set forth in his § 2255 petition.

*Corp.*, No. 10-CV-382 MAT, 2011 WL 4549206, at *3 (W.D.N.Y. Sept. 29, 2011) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner fails to state a cause for his failure to raise on direct appeal his first four claims.[4] Additionally, his showings of prejudice are insufficient. Petitioner argues that the federal court lacked jurisdiction because the evidence at trial was insufficient to prove the interstate commerce element of a Hobbs Act robbery. Petitioner asserts prejudice has resulted from this insufficiency, stating that "[t]he contravening of jurisdiction was clearly to expose [him] to harsher penalty . . . ." Pet'r's Br. 8. Despite the fact that Petitioner may have been exposed to a harsher penalty in federal court, this argument does not rise to the level of prejudice needed to overcome the procedural bar. *See Frady*, 456 U.S. at 170 (holding that a petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.").[5]

Petitioner claims that his due process rights were violated because the Government failed to introduce matching DNA evidence at trial and, similarly, that he was prejudiced by a wrongful conviction because of a lack of incriminating DNA evidence. Petitioner states:

> [T]he prosecution revealed to the jury that the government obtained DNA samples from the Petitioner and . . . swabs of DNA profiles were taken from the scene of the crime. Because the DNA profile did not match the Petitioner the government circumvented that avenue of evidence to rely on circumstantial and hearsay evidence to reach a conviction.

Pet'r's Br. 29. Petitioner relies on *Harvey v. Horan*, 285 F.3d 298 (4th Cir. 2002), which states that DNA tests "have rendered it literally possible to confirm guilt or innocence beyond any question whatsoever . . . ." *Id.* at 305. Contrary to Petitioner's interpretation, the *Harvey* court

---

[4] Petitioner argues that "[a]lthough [an] argument not raised on appeal is generally deemed abandoned, Rule 2 gives [the] court of appeals discretion to overlook such failures if manifest injustice would otherwise result." Pet'r's Am. Br. 5–6. Rule 2 of the Federal Rules of Appellate Procedure applies only to the appellate court's review of a defendant's direct appeal. Applying Rule 2 in this case would eliminate the line between the two levels of judicial review. *See, e.g.*, *Frady*, 456 U.S. at 165 ("[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack . . . are well known and basic to our adversary system of justice." (internal quotation marks omitted)).

[5] Even if Petitioner's claim was not procedurally barred, his argument lacks merit. The jury found that the "prosecution had made the required *de minimis* showing of a nexus to interstate commerce." *Scott*, 2009 WL 36548, at *5. The testimony by Phildius and Roberts, relied on by the jury to prove that the marijuana originated outside New York, was sufficient to establish the interstate commerce element. *Id.* at *6.

did not claim that a lack of DNA evidence necessarily proves a defendant's innocence or that there could not be guilt beyond a reasonable doubt. The court stated simply that DNA has the ability to *exonerate* those wrongfully convicted in the context of one's "right of access to DNA evidence post-conviction." *See id.* at 306; *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2316 (2009) ("DNA testing alone does not always resolve a case. Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent."). At trial, the jury found the totality of evidence sufficient to convict Petitioner, notwithstanding the lack of incriminating DNA evidence. Due to Petitioner's misinterpretation of the value the *Harvey* court assigned to DNA evidence, he has not shown that his due process rights were violated or that there was prejudice.

Petitioner next asserts that the Government amended his Indictment during trial "causing variance between the indictment and the proof at trial." Pet'r's Br. 15. Two standards exist for proving either a "constructive amendment" to or "variance" from the Indictment:

> An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*United States v. Frank*, 156 F.3d 332, 339 n.5 (2d Cir. 1998) (quoting *United States v. Zingaro*, 858 F.2d 94, 98 (2d Cir. 1988)). The variance, if present, "must have caused the defendant 'substantial prejudice' at trial" in order to reverse a conviction. *United States v. McDermott*, 245 F.3d 133, 139 (2d. Cir. 2001) (quoting *United States v. Johansen*, 56 F.3d 347, 351 (2d Cir. 1995)); *see also United States v. Salmonese*, 352 F.3d 608, 621–22 (2d Cir. 2003) (holding that prejudice was not demonstrated "where the pleading and the proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense" (internal quotation marks omitted)).

Although Petitioner uses the terms "amendment" and "variance" interchangeably throughout his brief, his allegation that the evidence introduced at trial was used to broaden the indictment amounts to a variance rather than an amendment. Petitioner argues that the Government introduced evidence of marijuana found in Farquharson's possession the day after

the attempted robbery and that this evidence was irrelevant and unduly prejudicial.[6] Pet'r's Br. 15–16. While he states that this evidence "was inflammatory or shocking", *id.* at 17, he does not otherwise provide evidence that he has suffered actual prejudice. Additionally, Petitioner does not show that the variance either misled him at trial or that he was denied his right of protection against another prosecution for the same offense.[7]

Finally, Petitioner claims that his Sixth Amendment rights were violated when "hearsay evidence was admitted in court and Petitioner was denied confrontation of the witness whose evidence was used against him in court." Pet'r's Br. 2. This evidence was admitted over Petitioner's objection, and the Sixth Amendment claim was later dismissed as a ground for acquittal or a new trial. *See Scott*, 2009 WL 36548, at *4 n.4 ("White's argument that Ms. Roberts' testimony was barred . . . is without merit because Mr. Farquharson's statements to her were not 'testimonial' in nature. There was no evidence that Mr. Farquharson had any awareness or expectation that [his] statements might later be used at trial." (internal citation and quotation marks omitted)). On appeal, Petitioner argued that this evidence should have been excluded because the probative value was outweighed by the danger of unfair prejudice.[8] Further, Petitioner did not raise the Sixth Amendment claim on direct appeal.

Due to Petitioner's failure to show cause for and prejudice from not raising the above issues on direct appeal, his request for relief as to these claims is denied.

**B.    Ineffective Assistance of Counsel Claims are Dismissed[9]**

To state a claim for ineffective assistance of counsel, Petitioner must show that (1) his

---

[6] On March 7, 2008, Farquharson was pulled over by the police for not wearing a seatbelt. Trial Tr. 487. The officer found approximately 6.6 pounds of marijuana on the back seat of his car and in the trunk. *Id.* at 488, 490, 493, 497.

[7] To the extent Petitioner questions the admissibility of this evidence, any such claim is barred by the mandate rule. *See White*, 372 F. App'x at 117 (upholding the admission of this evidence); *see also Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("The mandate rule prevents re-litigation . . . not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.").

[8] As with the admissibility of the evidence described by Petitioner as a variance from the Indictment, a challenge to the admissibility of this testimony is also barred by the mandate rule. *See White*, 372 F. App'x at 116–17 (upholding this Court's admission of the witness testimony).

[9] A claim for ineffective assistance of counsel is based on the Sixth Amendment's statement that a criminal defendant "shall enjoy the right . . . to have the assistance of counsel," U.S. Const. amend. VI, and a line of U.S. Supreme Court cases requiring *effective* assistance of counsel. *See, e.g.*, *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

counsel's representation fell "below an objective standard of reasonableness" measured "under prevailing professional norms" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In analyzing this claim, the Court "'must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance, bearing in mind that '[t]here are countless ways to provide effective assistance in any given case.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). Furthermore, "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. A collateral challenge claiming ineffective assistance of counsel is not subject to the procedural default rule that bars claims that could have been brought on direct appeal. *Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010) (precluding, however, "new or repetitive claims based on the same strategies, actions, or inactions" that are adjudicated on direct appeal).

> i. *Ineffective Assistance of Trial Counsel*

Petitioner brings a claim for ineffective assistance of counsel against Martin Siegel, his attorney before this Court, arguing that Siegel: (1) refused to subpoena Farquharson, (2) failed to argue sufficient authority to effectively challenge a lack of DNA evidence, and (3) refused to call a DNA forensic expert to testify to the DNA collected at the scene.

The first claim challenges counsel's refusal to subpoena Farquharson "as the only witness that could [have] cooroberated [sic] Stacy Robert's hearsay testimony." Pet'r's Br. 30. Petitioner argues that the failure to subpoena Farquharson denied him the right "under the Confrontation Clause to confront his accuser." *Id*. However, Petitioner fails to meet the exacting standards under *Strickland*. The record establishes that Farquharson was in fact called as a witness for the Government during trial; however, he exercised his Fifth Amendment right and refused to testify. Trial Tr. 214. Counsel reasonably concluded that sending a second subpoena for Farquharson to testify would be futile.

Petitioner's second and third claims both relate to the DNA evidence presented at trial. During trial, the Government called criminalist Keicia Harris from the New York County Office of the Chief Medical Examiner to testify to the DNA collected at the scene. Petitioner claims that his trial counsel was ineffective because counsel failed to challenge the sufficiency of the DNA evidence. This argument is without merit because as the record shows, trial counsel established,

6

through Harris's cross-examination, that the DNA evidence introduced by the Government did not match Petitioner. Trial Tr. 555–56. Further, Petitioner's claim that counsel failed to call a DNA expert is also without merit due to the fact that the Court qualified Harris as "an expert in the issue of DNA" who was able to testify that the DNA did not match Petitioner. Trial Tr. 547. Petitioner does not provide an explanation of what value an additional expert could have provided or, for that matter, how the failure to match the Petitioner's DNA would exonerate him. It is therefore objectively reasonable for counsel to not have called a second expert.

     *ii.   Ineffective Assistance of Appellate Counsel*

Petitioner additionally argues that appellate counsel Van Hess was likewise ineffective for failing to challenge the sufficiency of the evidence underlying his conviction. Claims of ineffective assistance of appellate counsel are governed by the *Strickland* analysis. The Supreme Court has stated that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). This claim revisits issues already adjudicated by this Court that were raised in post-trial motions, *see Scott*, 2009 WL 36548, and it is therefore reasonable for appellate counsel to not have raised the challenge again.

     *iii.   Jury Instructions*[10]

Petitioner alleges that both trial and appellate counsel failed to challenge the jury instruction at trial. Pet'r's Am. Br. 9–10. Petitioner unsuccessfully argued on direct appeal that the jury instruction was incorrect and cannot now repackage that procedurally barred claim as an ineffective assistance of counsel claim. *See Azzara v. United States*, No. 02 CR 1446, 2011 WL 5025010, at *6 (S.D.N.Y. Oct. 20, 2011); *Scott*, 2009 WL 36548, at *6.

     *iv.   Conspiracy Claim*

Petitioner is required to show that "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." *Strickland*, 466 U.S. at 692. Petitioner does not attempt to prove

---

[10] In Petitioner's amended petition, he claims "actual innocence" to overcome procedural bars to certain of his ineffective assistance claims. Petitioners asserting actual innocence must:

> present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . . [T]he evidence must establish sufficient doubt about his guilt . . . . [They] must show that it is more likely than not that no reasonable juror would have found petitioner guilty.

*Schlup v. Delo*, 513 U.S. 298, 316, 317, 327 (1995). Here, Petitioner does not give any new evidence which could cause me to question the outcome of the trial. Therefore, I reject his assertion of actual innocence.

that his counsel's failure to create a defense to the conspiracy claim was anything more than a strategic trial decision. *Id.* at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."). Petitioner merely asserts that "[t]he government relied upon circumstantial evidence and preponderance of evidence which is only supported by 'possibility' instead of 'concrete' evidence." Pet'r's Am. Br. 12. In proving a conspiracy claim, the Supreme Court has stated that "[t]he agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case." *Iannelli v. United States*, 420 U.S. 770, 778 n.10 (1975). Similarly, as stated above, appellate counsel may select from among nonfrivolous claims in order to maximize the likelihood of success on appeal. *Smith*, 528 U.S. at 288. Plaintiff fails to show that the decisions made by his counsel fell below an objective standard of reasonableness, or that, but for counsels' errors, his result would have been different.

Petitioner's ineffective assistance claims are denied.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

SO ORDERED.

Date: 6/11/14
New York, New York

HAROLD BAER, JR.
United States District Judge

8